# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
ANTOINE MILLER
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 94-80463

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHMENT

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 21, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V ANTOINE MILLER 94-80463                                    PAGE 2

Defendant was convicted of making Threats Against the President and Vice President and on December 1, 1995 was sentenced to 5 years incarceration to be followed by a three year term of supervised release with the conditions that he participate both in a substance abuse program and a mental health program. Conditions of Defendant's supervised release included that 1) Defendant will not commit another federal, state or local crime and shall not illegally possess a controlled substance and 2) Defendant will not possess a firearm or destructive device.

While under the supervision of this court's probation department, defendant was arrested on July 22, 2009 by the DPD for Carrying a Concealed Weapon, Felony Firearms and Felon in Possession of a Firearm. Defendant was combative and resistant when the handcuffs were being placed on him by police officers. A loaded revolver (.38 special) was recovered at the scene and taken into evidence. The offender was arrested and was held at the Wayne County jail. On October 10, 2009 Defendant was found guilty of CCW and Felony Firearm and Felony Possession of a firearm and was sentenced to two years in the MDOC.

Defendant was released from state custody on July 20, 2011 and was arrested and placed into federal custody on the same date. Defendant argues for a bond, so that he can go and live in a half way house in Inkster, MI and participate in a mental health program provided by the State of Michigan.

Defendant is not a candidate for bond. When on supervised release for his original offense he engaged in criminal activity and was convicted of carrying a loaded weapon, CCW, Felon in Possession, and Felony Firearms. He has a serious mental condition (bi-polar, schizophrenia, etc.), for which he is being prescribed several psychotropic drugs, which in combination with his propensity for weapons and other dangerous activities, render him an extreme danger to society. A supervised release violation hearing has been set before Judge Lawson on July 27, 2011. Until that time, Defendant is ordered detained, as it has been determined by clear and convincing evidence that he presents a danger to society and that he may, as a result of the penalties he is facing in combination with his mental instability, also pose a risk of flight.

Detention is Ordered.